# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 2, 2016

Plaintiff-Appellee,

v

No. 324668
Wayne Circuit Court
LC No. 14-005563-FC

RUSSELL ROBERSON,

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

RONAYNE KRAUSE, P.J. (*concurring*).

I concur in the result reached by the majority.

I write separately because I am highly concerned by the majority's implied reliance on this Court's own denial of defendant's motion to remand for an evidentiary hearing pertaining to the alleged ineffectiveness of his trial counsel as a basis for now declining to review the issue beyond the information in the record. I believe that this potentially places defendants in an unfair and unwinnable "Catch-22" situation. In effect, this Court can preclude a defendant from seeking supporting evidence and then penalize the defendant for failing to do so.

As it so happens, upon full review of the record and of defendant's arguments, through counsel and his Standard 4[1] brief, I conclude that there is no reason why a remand would have been even potentially productive, so the situation is harmless. I note that exculpatory post-trial statements offered by codefendants who declined to testify at trial are considered untrustworthy and unreliable in general, *People v Terrell*, 289 Mich App 553, 565-566; 797 NW2d 684 (2010), and I find that to be particularly true here. Much of what defendant complains of counsel failing to present would have either been *more* damaging to defendant or could not reasonably be said to have affected the outcome.

---

[1] Michigan Supreme Court Administrative Order No. 2004-6, Standard 4.

Consequently, although I agree with the result reached by the majority, I do not agree that restricting our review to mistakes apparent on the record is proper on the basis of this Court's prior denial of defendant's motion to remand for an evidentiary hearing.

/s/ Amy Ronayne Krause